```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MAX CHARLOT,

    Petitioner,

v.                                     Case No:   2:14-cv-238-FtM-29DNF
                                              Case No. 2:03-CR-126-FTM-29

UNITED STATES OF AMERICA,

    Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on review of petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #271) filed on April 28, 2014.

On November 12, 2003, a federal grand jury in Fort Myers, Florida returned a five-count Indictment (Cr. Doc. #35) charging Max Charlot and others with conspiracy to possess with intent to distribute and to distribute cocaine, and charging Max Charlot in Count Two with knowingly using and carrying a firearm during and in relation to a drug trafficking crime and in furtherance of the conspiracy to possess with intent to distribute cocaine. Petitioner was convicted by a jury on both counts, and on May 24, 2004, sentenced to a term of imprisonment of 262 months as to Count One and 60 months consecutively as to Count Two, to be followed by a term of supervised release.  (Cr. Doc. #173.)  Judgment (Cr. Doc. #174) was filed on May 26, 2004.  Petitioner filed a direct

appeal, and the Eleventh Circuit upheld the convictions and sentences.  (Cr. Doc. #210).  United States v. Charlot, 135 F. App'x 365 (11th Cir. 2005).  Petitioner's petition for a writ of certiorari with the United States Supreme Court was denied. Charlot v. United States, 546 U.S. 957 (2005).

On October 2, 2006, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #237), and on June 3, 2008, the Court issued an Opinion and Order (Doc. #247) denying the Motion on the merits.  See Case No. 2:06-cv-525-FTM-29DNF.  Judgment (2:06-cv-525, Cv. Doc. #11) was issued and petitioner filed a Notice of Appeal (2:06-cv-525, Cv. Doc. #12) from the Opinion and Order and Judgment.  The undersigned denied a certificate of appealability, and leave to proceed *in forma pauperis* on appeal, and reconsideration was denied.  (2:06-cv-525, Cv. Docs. ##14, 17, 19.)  On February 3, 2009, the Eleventh Circuit Court of Appeals also denied a certificate of appealability and denied the request to proceed *in forma pauperis* on appeal as moot.  (2:06-cv-525, Cv. Doc. #21.)

To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals.  28 U.S.C. § 2255(h)1; Gilbert v. United States,

---

1 Section 2255(h) provides that a second or successive motion must be certified to contain:

- 2 -

640 F.3d 1293, 1308 (11th Cir. 2011).  Petitioner has not indicated that such certification was received and in the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction.  <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003); <u>El-Amin v. United States</u>, 172 F. App'x 942, 946 (11th Cir. 2006).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #271) is **dismissed** for lack of jurisdiction.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

---

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of April, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA

- 4 -